Imran F. Vakil, Esq. (Bar No. 248859)
   ivakil@nexiolaw.com
**NEXIO, PC**
245 Fischer Avenue
Suite C3
Costa Mesa, CA 92626
Phone:   (949) 478-6830
Facsimile: (949) 478-1275
*Attorneys for Plaintiff,*
*Live Face On Web, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVE FACE ON WEB, LLC, a Pennsylvania limited liability company, <br><br>Plaintiff, <br><br>v. <br><br>DEPENDABLE VENDING, INC.; and DOES 1-10 INCLUSIVE, <br><br>Defendants. | Case No. 5:16-cv-2364 <br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Live Face on Web, LLC ("**LFOW**"), by and through its attorneys of record, complains against Dependable Vending, Inc. ("**DVI**" or "**Defendant**") and DOES 1-10 inclusive ("**DOES**")(collectively "**Defendants**") as follows:

## JURISDICTION AND VENUE

1. This is a civil action for copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. As set forth herein, Defendant has used and distributed LFOW's software and/or infringing derivative works thereof on the website(s) located at dependablevend.com ("Defendant's website" or "dependablevend.com"), which are the subject of U.S. Copyright Registrations. Upon information and belief, DVI owns, operates, and/or controls Defendant's website.

3. This Court has personal jurisdiction over DVI because it has conducted business in and continues to conduct business in this District. Defendant is subject to the general and specific personal jurisdiction of this Court because of its continuous and systematic contacts with the State of California and this District.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.

## PARTIES

5. Plaintiff LFOW is a limited liability company incorporated and existing under the laws of Pennsylvania, with its principal place of business 1300 Industrial Boulevard, Suite 212, Southampton, PA 18966.

6. Defendant DVI, is a California Corporation with a principal place of business

at 1431 W 9th St, Unit B, Upland, CA 91786.  Defendant DVI is the registered owner of the dependablevend.com domain(s).

7. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL COUNTS
### Plaintiff's Business and Copyrighted Technology

8. LFOW is a software company specializing in borderless video technology.  LFOW is the developer and owner of "live person" software, which is an original work of authorship independently created by LFOW ("**LFOW Code**").

9. The LFOW Code allows a company to display a video of a "walking" and "talking" personal host who introduces a website to an online visitor.  The personal host is, in effect, a web spokesperson for the specific company for whom the video has been created.  Typically the web spokesperson explains a company's products and/or services and directs a visitor's attention to a particular product or aspect of the website.  The LFOW Code is representative of LFOW's advertising idea: LFOW (and its customers) advertise services and solicit business through the use of a website spokesperson, which is typically tailored to specific goods and services found on the associated website.

10. The LFOW Code enables a company to customize and dynamically modify settings and functionality of the web spokesperson.  By way of example, a customer utilizing the LFOW Code can: (a) manipulate the positioning of the web spokesperson on its website and select between static, relative or dynamic positioning features; (b) adjust the delay between the time an online visitor enters the website and the start time of the web

spokesperson's presentation; (c) select the number of times a video presentation plays for each particular visitor; and (d) select "click on me" functionality that directs a user to a predetermined page or section of the website which promotes goods or services and/or reinforces the image and brand of the customer.

11. The LFOW Code seeks to enhance a web site by using a real spokesperson to capture, hold and prolong the attention of the average online visitor, enhancing the ability of the website to advertise specific goods and services. This technique has a direct positive impact on sales and/or the brand, public image and reputation of any company that has an online presence.

12. Generally speaking, the LFOW Code can be implemented by LFOW's customers by modifying the HTML code of the LFOW customer's website. An HMTL script tag is embedded in the HTML code of the LFOW customer's website, which links the LFOW customer's website to a copy of the LFOW Code. An LFOW customer has the option of storing the copy of the LFOW Code on the same webserver(s) as the customer's website, or storing the copy of the LFOW Code on a different webserver(s) than the website. Many of LFOW's customers choose to have the copy of the LFOW Code stored on LFOW's webservers.

13. Regardless of the particular webserver(s) where the LFOW Code is stored, the functionality and result is the same. When a web browser is directed to a website linked to the LFOW Code, the embedded HTML script tag is read by the web browser and causes the automatic distribution of a copy of the LFOW Code. The LFOW Code is automatically saved by the web browser into cache, and/or a hard drive(s), and loaded into computer memory and/or RAM (random access memory). As a result of the distribution of the LFOW Code, the specific web spokesperson video is automatically launched and displayed to advertise on the associated website.

14. The LFOW Code has been consistently licensed to customers for a monthly license fee by LFOW. LFOW also charges additional fees for other services associated with the provision of the LFOW Code in addition to the monthly license fee.

15.     LFOW has registered the LFOW Code.  Pertinent to this action, on December 20, 2007, LFOW duly registered the copyright in the LFOW Code version 7.0.0, prior to the publication of version 7.0.0, in the United States Copyright Office, as evidenced by the certificate of registration for TXu001610441, which was issued by the Register of Copyrights.  A true and correct copy of the certificate of registration is attached hereto as **Exhibit A**, and a true and correct copy of the deposit work for TXu001610441 is attached hereto as **Exhibit A1**.

## Defendant's Copyright Infringement

16.     Defendant owns, and/or operates and/or controls the dependablevend.com website(s).  A copy of the HTML source code for the Defendant's website is found at **Exhibit B**.

17.     Defendant's website advertises and promotes the products and/or services of Defendant.

18.     Upon information and belief, Defendant has used a web spokesperson video to promote Defendant's products and/or services.

19.     Upon information and belief, in order to display the web spokesperson video on Defendant's website, Defendant used and distributed, without permission, and therefore infringed upon, the infringing version of the LFOW Code.

20.     Upon information and belief, Defendant has the right and ability to modify its own website or to have its website modified on Defendant's behalf.

21.     Upon information and belief, Defendants copied and stored an infringing version of the LFOW Code on the webserver(s) for dependablevend.com.

22.     Upon information and belief, in order to implement and distribute the infringing version of the LFOW Code, Defendant's website was modified by or on behalf of Defendant to include the following website source code and/or text, shown in Exhibit B: http://dependablevend.com/ppl/new_player.js?swf=http://dependablevend.com/ppl/new_main.swf&flv=http://dependablevend.com/ppl/1009.flv&start=normal&close=close&play_w

hen=2&align_right=false&show_loading=yes&width=480&height=360&vlm=80&x_off=165. This modification links the Defendant's website to the file "new_player.js" an infringing version of the LFOW Code, which was stored on Defendant's webserver(s). A copy of "new_player.js" is found at **Exhibit C**.

23. As a result of the modification to the Defendant's website referenced above, when a web browser retrieves a page from the Defendant's website, a copy of the infringing version of the LFOW Code is distributed by Defendant to the website visitor and stored on the visitor's computer in cache, memory and/or its hard drive. Accordingly, each visit to the Defendant's website is a new act of copyright infringement.

24. The infringing version of the LFOW Code, shown at Exhibit C is strikingly similar (and at the very least substantially similar) to the LFOW Code, and includes one or more instances of "LFOW," which is a reference to LFOW. The infringing version of the LFOW Code also includes the unique prefixes "lf_," which were arbitrarily chosen by LFOW to mark its code and indicate LFOW's unique and original code. There is no functional value to the use of the letters "LFOW" or "lf_" in the LFOW Code. Instead, these were both chosen as references to LFOW and its code.

25. The web spokesperson video that launches on Defendant's website is a result of Defendant's distribution of the infringing version of the LFOW Code, which advertises and promotes the products and/or services of Defendant, encouraging the website viewer to purchase and/or use Defendant's products and/or services, thereby providing a monetary benefit to Defendant. Thus, Defendant's copyright infringement of the LFOW Code is in its advertising, and the infringement is for the purpose of advertising its products and/or services.

26. Defendant intends for a copy of the infringing version of the LFOW Code to be distributed to website visitors in its advertising, as this is necessary for the video spokesperson to appear on the screen of the website visitor. The volitional distribution of the infringing version of the LFOW Code by Defendant to its website visitors is seamless and transparent for the website visitors, who are able to view the video spokesperson

advertising Defendant's products and/or services by virtue of receiving the copy of the infringing version of the LFOW Code.

27. Defendant profits directly from and have a direct financial interest in the infringement, because the use of the infringing version of the LFOW Code allows Defendant to more effectively promote and sell its products and/or services by capturing, holding and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image and reputation of Defendant.

28. The infringing version of the LFOW Code is a sales and advertising tool for Defendant to generate revenues and profits and, upon information and belief, the use and misuse of the infringing version of the LFOW Code by Defendant did in fact generate revenues and profits for Defendant, as more fully described below.

29. Defendant unlawfully and continuously used the infringing version of the LFOW Code on unauthorized Web Page(s), for which Defendant did not pay applicable license fees and video production fees to LFOW.

30. The unlawful use, reproduction and/or distribution of the infringing version of the LFOW Code on the Defendant's website constitutes infringement of LFOW's intellectual property rights, including, without limitation, LFOW's registered copyrighted material(s).

31. As a result of foregoing conduct of Defendant, LFOW has suffered significant harm and loss.

32. Upon information and belief, Defendant actively induced end users to visit its website(s), and thereafter distributed the infringing version of the LFOW Code to end users (e.g. website visitors) numerous times.  The actual number can only be ascertained through discovery.

33. Defendant has caused, enabled, facilitated, and/or materially contributed to the infringement by, inter alia, distributing copies of the infringing version of the LFOW Code to each visitor via the Defendant's website and refused to exercise its ability to stop the infringement made possible by the modification and continuous operation of its website(s).

34. As the owner of the registered copyright in the LFOW Code, LFOW has an interest in protecting its rights against such copyright infringement.

35. Under the authority of 17 U.S.C. § 504, LFOW is entitled to elect either to recover actual damages or statutory damages against Defendant for each act of copyright infringement. LFOW intends to pursue actual damages unless otherwise indicated before the election period ends.

## FIRST CLAIM FOR RELIEF

(**Copyright Infringement, 17 U.S.C. § 501 Against all Defendants**)

36. Plaintiff LFOW incorporates here by reference the allegations in the preceding paragraphs above, as set forth fully herein.

37. This claim arises under 17 U.S.C. § 501 for direct and/or vicarious infringement of registered copyright(s) as against the Defendants named in this Complaint.

38. LFOW is the owner of all rights, title and interest in valid copyright registration TXu001610441, which substantially consists of material wholly original with Plaintiff and which are copyright subject matter under the laws of the United States. LFOW has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws of the United States governing copyrights to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

39. The infringing version of the LFOW Code used and distributed by Defendant is at least substantially similar to the LFOW Code protected by TXu001610441.

40. Defendant, through its agent(s), vendor(s), officer(s), and/or employee(s), modified Defendant's website to cause the copying, use and distribution of the infringing version of the LFOW Code, and unless enjoined, Defendant will continue to infringe LFOW's copyright by reproducing, displaying, distributing and utilizing the infringing version of the LFOW Code for purposes of trade in violation of 17 U.S.C. § 501 et seq.

41. The past and ongoing copying, use and distribution of the infringing version of the LFOW Code by Defendant results in actual damage to LFOW, including but not limited

to the loss of licensing revenue lost as a result of Defendant's infringement.

42. Defendant's acts are and were performed without the permission, license or consent of LFOW.

43. Defendant has profited from and have a direct financial interest in the infringement, because the use of the infringing version of the LFOW Code allows Defendant to more effectively promote and sell its product(s) and/or service(s) on its own website(s) by capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or brand, public image and reputation of Defendant.

44. Because Defendant owns, operates and/or controls its website, Defendant also has the right and ability to supervise and control the infringement and infringer by virtue of its ownership and control of its own website, but failed to do so.

45. The wrongful acts of Defendant has caused, and is causing, great injury to LFOW, of which damages cannot be accurately computed, and unless this Court restrains the Defendant from further commission of said acts, LFOW will suffer irreparable injury, for which it is without an adequate remedy at law.  Accordingly, LFOW seeks a declaration that Defendant is infringing LFOW's copyright and an order under 17 U.S.C. § 502 enjoining the Defendant from any further infringement of LFOW's copyright(s).

46. As a result of the acts of Defendant as alleged herein, LFOW has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

47. Pursuant to 17 U.S.C. §§ 503(a) and 503(b), LFOW is entitled to an order impounding the infringing articles and the means by which such infringing articles were produced and/or reproduced.

48. Pursuant to 17 U.S.C. § 504, LFOW is also entitled to recover actual damages and any profits of Defendant, or, alternatively, to recover statutory damages of up to $150,000 for each work infringed. Again, LFOW intends to pursue actual damages unless

otherwise indicated before the election period ends.

49. Pursuant to 17 U.S.C. § 505, LFOW is entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. Finding Defendant liable for copyright infringement by virtue of Defendant's past and ongoing unauthorized use of LFOW's Software;

2. Finding Defendant's copyright infringement to be voluntary and intentional violation of Defendant's known duties, and therefore willful;

3. Finding LFOW to have suffered, and to continue suffering harm that is irreparable and otherwise without an adequate remedy at law;

4. A permanent injunction under 17 U.S.C. §§502 and 503, enjoining Defendant, its officers, agents, servants, employees, and all person in active concert or participation with them, from further infringement, including but not limited to the cessation of operation of Defendant's website;

5. An award of damages against Defendant under §504;

6. An order requiring an accounting be made for all profits, income, receipts or other benefit derived by Defendant from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

7. Requiring Defendant to account for and pay over to Plaintiff all profits derived by Defendant from its acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

8. An award under 17 U.S.C. § 505 allowing recover of the full costs of this action, including LFOW's reasonable attorneys' fees and costs;

9. That all DOES who have acted in concert with Defendant be held jointly and severally liable; and

10. That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated:  November 15, 2016        **NEXIO, PC**

By: _____
    Imran F. Vakil
    *Attorneys for Plaintiff,*
    *Live Face on Web, LLC*

## DEMAND FOR JURY TRIAL

Plaintiff Live Face On Web, LLC hereby demands trial by jury of all issues so triable under the law.

Dated:  November 15, 2016

**NEXIO, PC**

By: _____
Imran F. Vakil
*Attorneys for Plaintiff,*
*Live Face on Web, LLC*